**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| **JOEL GUZEK,**<br><br>                    Plaintiff - Appellant,<br><br>v.<br><br>**AARON D. FELTON, Chairperson, Oregon Board of Parole & Post-Prison Supervision; sued in his official capacities,**<br><br>                    Defendant - Appellee. | No. 13-35300<br><br>D.C. No. 3:11-cv-00749-AA<br><br>**MEMORANDUM**[*] |

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, District Judge, Presiding

Argued and Submitted November 4, 2015
Portland, Oregon

Before:     **KOZINSKI**, **FISHER** and **WATFORD**, Circuit Judges.

Even assuming that Guzek can proceed in federal court after litigating his

claim before the Oregon Board of Parole and Post-Prison Supervision, he is not

entitled to relief.  Guzek didn't establish that the application of the 2009 Oregon

---

[*]  This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

parole statute to dangerous offenders created an Ex Post Facto violation. <u>See</u> Or. Rev. Stat. § 144.228 (2009). Specifically, he didn't marshal sufficient evidence to show that holding parole hearings once every two years created a "significant risk of prolonging [his] incarceration." <u>Garner</u> v. <u>Jones</u>, 529 U.S. 244, 251 (2000); <u>see also</u> <u>Cal. Dep't of Corr.</u> v. <u>Morales</u>, 514 U.S. 499, 509 (1995) (determining that a "speculative and attenuated possibility of . . . increasing the measure of punishment" for a crime was not sufficient to establish an Ex Post Facto violation).

That the 2009 amendment limits dangerous offenders to biennial parole hearings doesn't, on its own, cause an Ex Post Facto violation, even though dangerous offenders were entitled to hearings at least once every two years under the older version of the statute. Guzek failed to show how frequently dangerous offenders actually received hearings under the pre-2009 version of the statute. <u>Cf.</u> <u>Gilman</u> v. <u>Schwarzenegger</u>, 638 F.3d 1101, 1108 (9th Cir. 2011). Nor did he show that affording dangerous offenders more frequent parole hearings would produce more frequent grants of parole. <u>Cf.</u> <u>id.</u> at 1108 n.6. Rather, Guzek cited cases where prisoners requested earlier parole hearings, claiming their dangerous conditions were in remission, but were nevertheless denied an accelerated parole consideration hearing or release date.

Based on the record that Guzek presented, we cannot conclude that the 2009 law creates a "significant risk" of prolonging dangerous offenders' sentences. Garner, 529 U.S. at 251; see Morales, 514 U.S. at 509.

**AFFIRMED.**